# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH AGNES WALKER, et al.,  )<br>                                                        )<br>              Plaintiffs,                      )<br>                                                        )<br>      v.                                            )<br>                                                        )<br>UNITED STATES OF AMERICA, et al.,  )<br>                                                        )<br>              Defendants.                    )  | Case No.: 1:15-cv-01597  DAD  JLT<br><br>ORDER GRANTING STIPULATION TO AMEND THE CASE SCHEDULE<br>(Doc. 23) |

Counsel have filed a stipulation to amend the case schedule to extend the deadlines by which non-expert and expert discovery will occur. (Doc. 23)  They report various schedule conflicts of counsel—which fail to demonstrate good cause to amend the case schedule, because these circumstances were not unanticipated at the time the case schedule was developed and is a normal consequence of the practice of law[1].  They report also that the plaintiff is approaching the due date for delivery of her child which makes her unavailable to complete her deposition. Moreover, she will need

---

[1] Likewise, the fact that Mr. Walker must miss time from work to prepare for his deposition and to complete his deposition is not good cause to amend the case schedule.  Indeed, this circumstance will exist regardless of whether the plaintiffs submit to deposition now or at some continued date in the future.  Moreover, they had to have known at the time they initiated this litigation that there would be inconvenience imposed as a result.  Also, the Court finds it absurd that counsel thinks it is necessary to take a full day each to "prepare" Mr. and Mrs. Walker to complete the remaining three hours of their depositions.  Finally, if the location where they live poses such a difficulty for them to meet with counsel, seemingly, counsel could drive to meet them at their location.

1

time to recuperate from the delivery before she will be in a position to submit to her deposition.  The Court finds this constitutes good cause to extend the case deadlines.[2]  Therefore, the Court **ORDERS**:

    1.    The case schedule is amended as follows:

        a.    all non-expert discovery **SHALL** be completed no later than **May 30, 2017** and all expert discovery **SHALL** be completed no later than **July 31, 2017**;

        b.    The parties **SHALL** disclose experts no later than **May 30, 2017** and rebuttal experts no later than **June 26, 2017**.

        c.    The settlement conference is continued to **August 3, 2017** at 1:30 p.m.

**<u>Absolutely no other amendments to the case schedule are authorized despite that this current amendment means that counsel must file dispositive motions before completing expert discovery and despite that the non-dispositive motion deadline will pass before completion of non-expert and expert discovery.  This current amendment—made at the request of counsel after, presumably, they decided impacts of the remainder on the schedule were not problematic—will not be accepted as good cause to amend any other portion of the case schedule.</u>**

The Court does not contemplate authorizing any further amendments to the case schedule so counsel are strongly advised to immediately devote their attention to completing discovery in this case.

IT IS SO ORDERED.

Dated:   **February 15, 2017**            **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

---

[2] The Court observes that counsel fail to explain why they failed for eight months to complete Mrs. Walker's deposition despite her approaching delivery date.